IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DAVID HAGBERG, ) | No. CV-F-05-1278 REC/LJO HC |
| ) | |
| ) | ORDER DENYING PETITIONER'S |
| ) | "SECTION 2241 PETITION TO |
| Petitioner, ) | GET CREDIT FOR TIME SERVED" |
| ) | AND DIRECTING ENTRY OF |
| vs. ) | JUDGMENT FOR RESPONDENT |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |

On October 6, 2005, petitioner Thomas David Hagberg, proceeding in pro per, filed a "2241 Petition to Get Credit for Time Served".[1]

Petitioner contends that the Ninth Circuit "ruled that my sentence was illegally enhanced" and that, when his sentence is recalculated "without the illegal enhancements", the calculation of his base offense level under the Sentencing Guidelines is 12-

---

[1] This is the second petition for relief pursuant to 28 U.S.C. § 2241 filed by petitioner. Petitioner filed a Section 2241 petition on August 19, 2005 in CV-F-05-1061 REC. This petition was denied by Order filed on August 29, 2005.

1

1  18 months.  Because petitioner has served 15 months and the "fact
2  that the Bureau of Prisons requires defendants to serve 85% of
3  their sentence means that defendant has completed his sentence
4  and needs to be released."  In addition, petitioner contends that
5  he is "owed credit towards my sentence for the time under which I
6  was held no-bail by a federal detainer - this is 32 months time
7  that has not yet been credited towards my sentence."  Finally,
8  petitioner contends that he is "owed time concurrent with my
9  state sentence because of the 3 years of arbitrary and illegal
10 delays by the prosecution in bringing defendant to trial."

11     The petition for release pursuant to 28 U.S.C. § 2241 is
12 denied.  Petitioner is scheduled to appear in this court on
13 October 31, 2005 for re-sentencing pursuant to the Ninth
14 Circuit's remand.  In remanding this case, the Ninth Circuit
15 remanded the sentence enhancement issues for limited
16 reconsideration in accordance with United States v. Ameline, 409
17 F.3d 1073 (9th Cir. 2005).  Therefore, petitioner's sentence will
18 be determined at that time.

19     To the extent that petitioner contends that he is entitled
20 to credit for time served, petitioner is challenging the
21 execution of his sentence.  See United States v. Giddings, 740
22 F.2d 770 (9th Cir. 1984).  Such a challenge must be addressed to
23 the district court which has jurisdiction over petitioner or his
24 custodian.  Because petitioner is incarcerated at the federal
25 prison in Lompoc, California, he must file his Section 2241
26 petition challenging his entitlement to credit for time served in

2

1 the United States District Court for the Central District of
2 California.
3     To the extent petitioner claims that his right to a speedy
4 trial was violated in No. CR-F-00-5371 REC, petitioner cannot
5 make such a claim in this petition.  Petitioner filed a motion to
6 vacate, set aside or correct sentence in this court on March 29,
7 2004, No. CV-F-04-5502 REC, in which he claimed that his right to
8 a speedy trial was violated.  By Order filed on May 13, 2004, the
9 court denied petitioner's Section 2255 motion.  Therefore,
10 petitioner's claim has been resolved and cannot be revisited in a
11 Section 2241 motion.
12     ACCORDINGLY:
13     1.  Petitioner Thomas David Hagberg's petition for writ of
14 habeas corpus pursuant to 28 U.S.C. § 2241 is denied.
15     IT IS SO ORDERED.

16 **Dated:  October 13, 2005**          /s/ Robert E. Coyle
    668554                              UNITED STATES DISTRICT JUDGE

3